1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ROLF UNTERLEITNER,                        Case No.  16-cv-00818-JSC

8                   Plaintiff,

9            v.                                **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

10   BASF CATALYSTS LLC, et al.,               Re: Dkt. No. 14

11                  Defendants.

12

13          Plaintiff Rolf Unterleitner ("Plaintiff") filed this asbestos litigation action against a number

14   of Defendants, including Defendant O'Reilly Auto Enterprises, LLC (f/k/a CSK Auto, Inc.)

15   ("O'Reilly"), in Alameda County Superior Court.  (*See* Dkt. No. 1-1.)[1]  O'Reilly, claiming that it

16   is the only remaining defendant and that the parties are diverse, removed the case to federal court

17   on February 18, 2016.  (Dkt. No. 1.)  Now pending before the Court is Plaintiff's motion to

18   remand and for an award of attorneys' fees.  (Dkt. No. 14.)  O'Reilly filed a "Conditional Non-

19   Opposition" to the motion, in which it does not oppose remand but asks the Court to deny

20   Plaintiff's requests for costs.  (Dkt. No. 17.)  After carefully considering the parties' submissions,

21   the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS

22   Plaintiff's motion.[2]

23                                   **BACKGROUND**

24          Plaintiff, a California resident, filed an action in Alameda County Superior Court

25

26   ---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

27

28   [2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 14-7, 17-7.)

United States District Court
Northern District of California

("Superior Court") on July 21, 2015 against various defendants, among them BASF Catalyst, LLC ("BASF"), SRI International ("SRI"), E.T. Horn Company ("E.T. Horn") and O'Reilly, seeking personal injury damages arising from his diagnosis of malignant mesothelioma due to exposure to Defendants' hazardous products and/or work practices. (Dkt. No. 1-1; Dkt. No. 14-1 ¶ 15.) In October 2015, the Superior Court granted Plaintiff's motion for a preferential trial setting under California Code of Civil Procedure Section 36(d), finding clear and convincing medical documentation that there is a substantial medical doubt that Plaintiff would survive longer than six months. (Dkt. No. 14-2 at 12-14.) The Superior Court set trial for February 16, 2016. (*Id.* at 13.)

By the end of December 2015, BASF, SRI, and E.T. Horn had all filed motions for summary judgment. (*See* Dkt. No. 14-4 at 34-61.) E.T. Horn later removed its motion from the Court's calendar and proceeded only on the basis of its joinder to BASF's motion; Plaintiff opposed the motions. (Dkt. No. 14-5 at 3-26 (opposing BASF's motion), 27-43 (opposing SRI's motion).) The Superior Court issued tentative rulings on the motions, indicating that it was inclined to grant both the requests for summary judgment. (Dkt. No. 14-5 at 45-68.) Plaintiff challenged the Superior Court's tentative ruling only with respect to BASF and E.T. Horn's motion, and submitted on the papers to the tentative ruling as to SRI. (*See* Dkt. No. 14 at 10; *see also* Dkt. No. 1-3 at 4-5 (at oral argument, Plaintiff declined to contest the tentative ruling and submitted on the papers); Dkt. No. 14-5 at 51 (granting SRI's motion for summary judgment but noting that the tentative ruling "was published and was contested").) In O'Reilly's view, Plaintiff submitted to the Superior Court's tentative order on SRI's motion because he was engaged in ongoing settlement negotiations with SRI, and submission to summary adjudication was "an effort to prevent apportionment of fault to SRI International and to fraudulently defeat diversity." (Dkt. No. 1 ¶ 13.) On February 2, 2016, the Superior Court granted BASF's motion for summary judgment, thus granting E.T. Horn's motion for summary judgment as well. (Dkt. No. 14-5 at 54-56.)

To date, the Superior Court has not yet entered a formal dismissal, judgment, or other voluntary dismissal as to either SRI or E.T. Horn. (Dkt. No. 14 ¶ 16; *see also* Dkt. No. 14-5 at 51-56.) O'Reilly filed its notice of removal on February 18, 2016. (Dkt. No. 1.) According to

2

O'Reilly, removal is proper pursuant to 28 U.S.C. § 1332(a) and 1441(b) because complete diversity exists as a result of the Superior Court's order granting SRI's motion for summary judgment and given Plaintiff's "voluntary act of submitting to the [Superior] Court's [tentative ruling]" on that motion. (Dkt. No. 1 ¶¶ 2, 17.) Following removal, Plaintiff wrote O'Reilly a letter in an attempt to obtain O'Reilly's voluntary stipulation to remand. (Dkt. No. 14-5 at 63-65.) Plaintiff advanced a number of arguments why removal was not proper, asked O'Reilly to provide Ninth Circuit authority that supports removal, and informed O'Reilly that he would seek sanctions, fees, and cost upon remand. (*Id.*) O'Reilly declined to so stipulate or to provide any case law on point. (*See* Dkt. No. 14 at 12.) Plaintiff's motion to remand and request for attorneys' fees followed.[3] (Dkt. No. 14.) O'Reilly filed a "Conditional Non-Opposition" to Plaintiff's motion to remand, conceding that remand is required due to the continued presence in this action of non-diverse defendant E.T. Horn, but urging the Court to deny Plaintiff's request for attorneys' fees and costs.

## DISCUSSION

### I.      Motion to Remand

A.      *Legal Standard*

"A motion to remand is the proper procedure for challenging removal." *Leo v. Alameda Cnty. Med. Ctr.*, No. C 06-03799 SI, 2006 WL 2669001, at *1 (N.D. Cal. Sept. 18, 2006). A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In determining whether a court has jurisdiction over a plaintiff's claims, the Court may look beyond the face of the complaint and consider facts raised in the notice of removal. *See*

---

[3] The motion to remand was initially set for hearing on March 31, 2016. (Dkt. No. 14.) Pursuant to the parties' stipulation to shorten time, and in light of the matter's preference status in Superior Court, the Court agreed to hear the motion on March 3, 2016 following a condensed briefing schedule. (Dkt. No. 16.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) ("It is proper to use the

2    petition for removal to clarify the action plaintiff presents and to determine if it encompasses an

3    action within federal jurisdiction.").

4        In federal courts, subject matter jurisdiction may arise from either "federal question

5    jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See*

6    *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331-1332. Here, O'Reilly

7    does not allege federal question jurisdiction, and instead only alleges that removal is proper

8    because diversity jurisdiction exists. (*See* Dkt. No. 1.) Thus, the Court's jurisdiction over this

9    action turns on whether all parties to this case are diverse and the amount in controversy exceeds

10    $75,000. 28 U.S.C. § 1332.

11       B.     *This Case Must be Remanded to State Court*

12        O'Reilly's notice of removal is both substantively and procedurally improper, and, as a

13    result, this action must be remanded to state court.

14        As for substance, there is no basis for removal jurisdiction, as even O'Reilly now

15    concedes. A complaint that is not initially removable due to the presence of a non-diverse

16    defendant may become removable where diversity arises due to a plaintiff's "voluntary action."

17    *Self v. Gen. Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978); *see also California v. Keating*, 986

18    F.2d 346, 348 (9th Cir. 1993) (noting that an initially non-removable suit "must remain in state

19    court unless a voluntary act of the plaintiff brings about a change that renders the case

20    removable") (internal quotation marks and citation omitted). Voluntary action exists where the

21    plaintiff voluntarily amends his pleadings or where the plaintiff agrees to voluntarily dismissal or

22    nonsuit of the nondiverse defendants. *See Self*, 588 F.2d at 659. But where the dismissal of a

23    diversity-defeating defendant occurs involuntarily, such as dismissal on the merits over the

24    plaintiff's opposition, that action does not become removable. *See id.* (final judgment after state

25    court trial not final order of dismissal); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir.

26    1992) (same as to order granting summary judgment), *cited with approval in Keating*, 986 F.2d at

27    348; *see, e.g.*, *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119 (N.D. Cal.

28    2011) (same as to demurrer without leave to amend). Put simply, "where a state court dismisses a

United States District Court
Northern District of California

1    non-diverse defendant without the plaintiff's assent, the complaint is not removable on diversity

2    grounds." *Beck v. Starbucks Corp.*, No. C 08-2930 MMC, 2008 WL 4298575, at *3 (N.D. Cal.

3    Sept. 19, 2008) (citing *Self*, 588 F.2d at 658).

4           So it is here.  Both SRI and E.T. Horn are diversity-destroying defendants: like Plaintiff,

5    they are domiciled in California.  Neither SRI nor E.T. Horn has been formally dismissed from

6    this action.  Further, the Superior Court granted both parties' motions for summary judgment after

7    Plaintiff opposed them on the merits; thus, Plaintiff has not *voluntarily* dismissed either defendant.

8    *See Self*, 588 F.2d at 659; *Beck*, 2008 WL 4298575, at *3.  This is true even if, as O'Reilly still

9    urges, Plaintiff and SRI had already settled, since there was no formal dismissal of SRI due to

10   settlement in the Superior Court docket.  *See Dunkin v. A.W. Chesterson Co.*, No. C 10-458 SBA,

11   2010 WL 1038200, at *3 (N.D. Cal. Mar. 19, 2010) ("[S]ettlement is insufficient to confer

12   removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been

13   entered.") (citations omitted); *Guerrero v. General Motors Corp.*, 392 F. Supp. 2d 1133, 1135-36

14   (N.D. Cal. 2005) (holding that a settlement is insufficient to confer removal jurisdiction where the

15   state court has not yet entered a formal dismissal of the non-diverse defendant and noting that

16   *Mertan* is "still good law and has not been rejected by the Ninth Circuit"); *Roberts v. A.W.*

17   *Chesterson Co.*, No. C 08-1338 JL, 2008 WL 782569, at *2 (N.D. Cal. Mar. 24, 2008) (remanding

18   where "the settlement agreements reached by the non-diverse defendants were not yet binding and

19   those defendants had not been dismissed from the case").  Thus, both SRI and E.T. Horn remain in

20   this case, destroying diversity and making removal improper, as O'Reilly now concedes.[4]  (*See*

21   Dkt. No. 17 at 2.)  O'Reilly contends, however, that it only learned of E.T. Horn's in-state

22   domicile after it filed its notice of removal.  (*See* Dkt. No. 17 at 2.)

23   _____

24   [4] Notably, O'Reilly's concession to remand is based on the presence of E.T. Horn as a remaining
     non-diverse defendant.  (*See* Dkt. No. 17 at 2.)  O'Reilly still appears to argue that SRI no longer

25   remains in the case as a non-diverse defendant.  In the notice of removal, O'Reilly contended that
     Plaintiff's submission to the Superior Court's tentative ruling granting SRI's motion for summary

26   judgment was tantamount to a voluntary dismissal.  O'Reilly cited no case in support of that
     proposition, and the Court found none.  Now, in its statement of non-opposition to the motion to

27   remand, O'Reilly contends that Plaintiff's submission to the tentative ruling was a sham meant to
     keep SRI in the case while preventing apportionment of fault to SRI at the remaining defendants'

28   expense.  Again, this contention is without support in case law and strains credulity, as Plaintiff
     filed a written opposition to SRI's summary judgment motion.

1    O'Reilly's notice of removal was procedurally improper because it fails to satisfy the rule

2   of unanimity.  (Dkt. No. 14 at 19.)  O'Reilly's statement of non-opposition does not address this

3   point.  The Ninth Circuit has interpreted Section 1446 to require that all defendants join in

4   removal.  *See, e.g.*, *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).  There are

5   exceptions to this rule of unanimity where a named defendant is nominal, unknown, or

6   fraudulently joined, *see id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th

7   Cir. 1988) (collecting cases), or where a plaintiff has failed to serve a named defendant, *see*

8   *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded on other*

9   *grounds by Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).  When a defendant

10   files a notice of removal that all named defendants have not joined and seeks an exception to the

11   rule of unanimity, the defendant "must explain affirmatively the absence of non-joining

12   defendants."  *Loya v. Aurora Loan Servs. LLC*, No. C 10-0490-VRW, 2010 WL 1929618, at *1

13   (N.D. Cal. May 12, 2010) (citing *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir.

14   1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443

15   F.3d 676, 681 (9th Cir. 2006)).

16    O'Reilly's notice of removal is silent as to defendants BASF and Honeywell International,

17   Inc., and asserts only that the "only two parties remaining in the case are Plaintiff . . . and

18   [O'Reilly]."  (*See* Dkt. No. 1 ¶ 2.)  Without a clear allegation that these defendants consent to

19   removal or that an exception to the rule of unanimity applies, O'Reilly's notice of removal is

20   defective.  *See Loya*, 2010 WL 1929618, at *1.

21    Accordingly, given O'Reilly's concession that remand is proper, and in particular because

22   it has not shown that either of the non-diverse defendants has been dismissed from this action or

23   that all defendants consent to removal, remand is required.  This conclusion squares with the well-

24   settled rule that "[t]he removal statute is strictly construed *against* removal jurisdiction."

25   *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

26   **II.    Request for Attorneys' Fees and Costs**

27    "If the Court finds that removal was improper, it may order the removing party to pay just

28   costs and actual expenses, incurred as a result of the removal, including attorney fees."  28 U.S.C.

6

United States District Court
Northern District of California

1   § 1447(c).  The Court has "wide discretion" to award attorneys' fees and costs under Section

2   1447(c), but "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)

3   only where the removing party lacked an objectively reasonable basis for seeking removal."

4   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Gardner v. UICI*, 408 F.3d

5   559, 562 (9th Cir. 2007) ("[T]he standard for awarding fees . . . turn[s] on the reasonableness of

6   the removal.") (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  The Court

7   may award costs for improper removal even absent a finding of bad faith.  *Moore v. Permanente

8   Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992); *Townsend v. Sullivan*, Nos. C 08-3745 SBA,

9   08-3828 SBA, 2009 WL 112946, at *2-3 (N.D. Cal. Jan. 16, 2009).

10          Here, Plaintiff seeks an award of $4,200.00, which is equal to the amount of attorneys' fees

11   Plaintiff spent prosecuting its motion to remand.  (*See* Dkt. No. 14-1 ¶ 17.)  Although O'Reilly

12   concedes that remand is proper, it urges the Court to deny Plaintiff's request for costs.[5]

13          No reasonable litigant in O'Reilly's position could have concluded that federal court was

14   the proper forum in which to litigate Plaintiff's claims given the presence of two non-diverse

15   defendants.  O'Reilly insists that it reasonably believed that Plaintiff and SRI had actually settled

16   the case and thus Plaintiff "manufactured a sham summary judgment in an effort to prevent

17   apportionment of fault to the defendant responsible for [Plaintiff's] exposure to one of the most

18   potent forms of asbestos filter."  (Dkt. No. 17 at 3.)  From O'Reilly's perspective, this conclusion

19   was reasonable because (1) counsel for SRI indicated during pretrial preparation that it was near

20   settlement with Plaintiff; (2) Plaintiff's opposition to the SRI motion failed to include substantial

21   evidence of Plaintiff's exposure to asbestos at the SRI location where Plaintiff worked; and (3)

22   Plaintiff submitted to the Court's tentative ruling granting SRI's motion.  (*See* Dkt. No. 17 at 6-7.)

23   O'Reilly also contends that it had a good faith belief Plaintiff's allegedly sham summary judgment

24   was also an effort to defeat potential removal on diversity grounds by keeping SRI in the case.

25   (*Id.* at 7.)  In O'Reilly's view, this perspective is buttressed by Plaintiff's counsel's comment on

26   the day of removal that removal was improper because the Superior Court granted SRI's summary

27

28   _____
    [5] O'Reilly contests only the award of fees, not the amount that Plaintiff seeks.

United States District Court
Northern District of California

1    judgment motion, and because Plaintiff did not mention E.T. Horn or any other defendant.  (*Id.*)

2    Put another way, O'Reilly argues that it pursued removal in good faith.  But good faith is

3    irrelevant; conversely, a finding of bad faith is not required.  *See Moore*, 981 F.2d at 466.  Instead,

4    the question turns on the reasonableness of the notice of removal.

5            O'Reilly had no reasonable basis for removal.  O'Reilly still does not cite a single case

6    supporting its position that a failure to argue against a tentative ruling against the opposing

7    party—after filing a written opposition—is a voluntary action or indicates that the opposition was

8    a sham.  But even taking O'Reilly's argument about SRI at face value, its removal still lacked a

9    reasoned basis in law due to the presence of E.T. Horn and other defendants who have not

10   consented to removal.  O'Reilly seeks to shift the blame onto Plaintiff for failing to raise the

11   presence of other defendants, including non-diverse E.T. Horn, during the parties' initial meet and

12   confer conversation about removal, and laments that Plaintiff did not communicate that E.T. Horn

13   is a California entity until several days later—albeit two days before Plaintiff filed the instant

14   motion to remand.  (Dkt. No. 17 at 8.)  But this argument flips the relevant standard on its head: at

15   all times, O'Reilly, not Plaintiff, bore the burden of offering a reasonable basis for removal, not

16   the other way around.  Moreover, O'Reilly could have stipulated to removal then; instead, Plaintiff

17   incurred the costs of preparing and filing the remand motion.

18           While the Court credits O'Reilly for acting reasonably by immediately stipulating to hear

19   Plaintiff's motion to remand on shortened notice, this small gesture is too little too late.  The initial

20   removal was unreasonable.  Accordingly, the Court finds an award of attorneys' fees to be proper

21   here, and awards Plaintiff $4,200.00.

22                                        **CONCLUSION**

23           For the reasons described above the Court GRANTS Plaintiff's motion to remand,

24   REMANDS this case to Superior Court, and ORDERS O'Reilly to pay Plaintiff the just costs

25   incurred in litigating this meritorious motion to remand.

26           This Order disposes of Docket No. 14.

27           **IT IS SO ORDERED.**

28   Dated: March 2, 2016

                                              8

1
2
3

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California